UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 18-CR-253 (VLB) |
| | : | |
| ANGEL LUIS RODRIGUEZ, | : | |
| ISMAEL ROMAN and | : | June 23, 2021 |
| CHRIS WALKER | : | |
|     Defendants | : | |
| | : | |
| | : | |
| | : | |

## SCHEDULING ORDER AND ENDS OF JUSTICE FINDINGS PURSUANT TO THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161, *et seq.*

Defendants Angel Luis Rodriguez, Ismael Roman, and Chris Walker were arrested pursuant to a criminal complaint on December 4, 2020. Mr. Rodriguez and Mr. Roman were ordered detained pending trial. [Dkts. 12, 16 (Detention Orders as to Rodriguez)]; [Dkt. 10 (Detention Order as to Roman)]. The three Defendants were indicted four days later. [Dkt. 17 (Indictment)]. All the Defendants entered not guilty pleas; Mr. Walker was the last defendant to be arraigned and he entered his plea on January 11, 2021. [Dkt. 42 (Min. Entry for Jan. 11, 2021 Arraignment)].

The Court held three scheduling conferences during the discovery phase of the case and determined then that continuances totaling four months were necessitated by defense counsels' need to prepare for trial and outweighed the best interest of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). This ruling is intended to provide a further articulation of the Court's reasoning and to set forth the amount of time presently remaining on the Defendants' speedy trial clock.

1

## Background

The indictment charges the three defendants with Conspiracy to Distribute, and to Possess with Intent to Distribute, Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846. Mr. Rodriguez and Mr. Walker are additionally charged with Attempt to Distribute, and to Possess with Intent to Distribute, Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846 and 18 U.S.C. § 2.

Mr. Roman appealed the magistrate judge's detention order following his arrest on the criminal complaint and prior to being charged by indictment. [Dkt. 11 (Roman Mot. for Release)]. The Court initially denied Mr. Roman's motion for release from custody without prejudice based on the parties' briefing. [Dkt. 24]. Mr. Roman moved for reconsideration and requested that the Court hold an evidentiary hearing via video conference, which the Court granted. [Dkt. 25 (Roman Mot. for Recons.), *granted* at Dkt. 26]. The Court held a detention hearing via videoconference on January 8, 2021. [Dkt. 40 (Min. Entry for 01/08/2021 Detention Hr'g)]. Mr. Roman filed an emergency supplemental motion for release, citing his recent diagnosis with COVID-19 and his transfer to the Connecticut Department of Correction's COVID-19 medical unit. [Dkt. 45 (Roman Repl. Br. and Emergency Mot.)]. The Court ordered Mr. Roman to supplement his briefing to address how he proposed to quarantine and access medical treatment if he were released on bond. [Dkt. 46 (Order for Suppl. Briefing)]. Briefing was completed on January 13, 2021. [Dkt. 47 (Roman Suppl. Mot.)]. The Court denied Mr. Roman's motions for pre-trial release in a written decision on February 1, 2021. [Dkt. 51].

The Court also held a scheduling teleconference that day. [Dkt. 49 (02/01/2021 Scheduling Conf. Min. Entry)]. The purpose of the hearing was to discuss progress in the case, including the status of discovery, whether plea negotiations were on-going, and the likely trial readiness date. [02/01/2021 Hr'g Audio at 11:34:38-11:35:28]. The Government indicated that it was working to correct technical issues that prevented the defense attorneys from accessing the electronic discovery materials. [*Id.* at 11:35:28-11:37:12]. The Government's disclosures included "tens of thousands of pages of material" obtained from forensic data extractions from nine or ten cell phones. [*Id.* at 11:37:12-11:38:14]. The logistics of preparing for trial was further complicated by COVID-19 outbreaks, the suspension of contact legal visits, and the Defendants' difficulty accessing electronic media at the detention center. [*Id.* at 11:38:14-11:40:50, 11:41:15-11:42:45]. Based on the parties' representations about the status of the case, the Court determined that it would be premature to discuss when the case may proceed with trial because the discovery production was not effectively underway yet. [*Id.* at 11:43:32-11:44:09]. The Court set another case scheduling conference for March 24, 2021. [Dkt. 56 (Calendar Notice for 03/24/2021 Hr'g)].

During the March 24, 2021 scheduling conference, the Government represented that it provided substantially all of the discovery to defense counsel. [03/24/2021 Hr'g Audio at 9:41:52-9:42:42]. The U.S. Marshals Service transferred Mr. Roman and Mr. Rodriguez to the Donald W. Wyatt Detention Facility, which had enhanced its detainees' access to electronic discovery materials and video-teleconferencing technology in response to the pandemic. [*Id.* at 9:42:46-9:45:22].

The Court continued the case again for six weeks based on the voluminous discovery to be reviewed by the defendants, particularly the extracted cell phone data. [*Id.* at 9:46:01-9:46:42].

Before the next scheduling conference, counsel for Mr. Roman filed six motions either seeking to compel the production of discovery materials or the suppression of evidence already produced. [Dkts. 56-62]. The Court set a deadline for all defendants to file substantive motions for one month after the hearing and provided the Government with 21 days to respond, after which the Court would set a date for an evidentiary hearing, if necessary. [05/12/2021 Hr'g audio at 12:34-14:08]. The Court has since granted Mr. Walker's motion to extend the substantive motion deadline by 14 days to June 25, 2021. [Dkt. 64, *granted* at Dkt. 65]. The Government's response to Mr. Roman's motions and any other substantive motion is due by July 16, 2021.

The Court indicated that it was inclined to set a trial date after the Court ruled on any pending discovery or substantive motions, considering the time necessary to consider potential plea offers. [05/12/2021 Hr'g audio at 14:32-15:12]. The Court inquired about whether any of the parties would be filing a speedy trial waiver, notwithstanding the automatic exclusion of time because the trial date would likely be over 30 days after the ruling. [*Id.* at 15:13-17:08]. Counsel for Mr. Walker indicated that he would be doing so, although a speedy trial waiver has not yet been filed. *See* [*Id.* at 15:19-15:23].

At the time of the first two scheduling conferences, jury trials were suspended until May 3, 2021 because of pandemic conditions. D. Conn. Gen. Order In Re: Court Operations Under Exigent Circumstances Created by COVID-19, (Jan. 19, 2021). Criminal jury trials in this District have now resumed.

## Speedy Trial Act Findings

The Speedy Trial Act of 1974 requires criminal defendants' trial to commence "…within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(C)(1).

The Speedy Trial Act excludes time attributable to certain events from computation of the seventy-day statutory period. *See e.g.*, 18 U.S.C. § 3161(h)(1)(A)-(h). Of particular note, § 3161(h)(1)(D) excludes: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Additionally, up to thirty days' time is excluded during which "any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(H). Some of these delays are excludable only if the district court makes certain findings based on factors enumerated in the statute. *See* § 3161(h)(7).

Defendants have "appeared" before a judicial officer for purposes of the Speedy Trial Act once they have been arraigned and entered not guilty pleas. *United States v. Nixon*, 779 F. 2d 126, 129-130 (2d. Cir. 1985)(holding that "the

statutory period was intended to begin only after an appearance at which a not guilty plea has been entered."); see also *United States v. Lynch*, 726 F.3d 346, 353 (2d Cir. 2013). In a multi-defendant case, the 70-day period begins when the final defendant is arraigned. *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986)

Here, the Defendants' speedy trial clock commenced on January 12, 2021, the day after Mr. Walker was arraigned and entered a not guilty plea. *See Lynch*, 726 F.3d at 353; see also Fed. R. Crim. P. 45(a)(1)(A)(excluding the day of the event that triggers the period).

At the time Mr. Walker was arraigned, the Defendants' speedy trial clock was automatically tolled pursuant to § 3161(h)(1)(D) because Mr. Roman's pending motions for pre-trial release were under advisement following the evidentiary hearing. *U.S. v. Tinklenberg*, 563 U.S. 647, 650 (2011). Therefore, the period from January 12, 2021 through February 1, 2021 is automatically excluded from the Defendants' speedy trial clock. *See Pena*, 793 F.2d at 488–89 ("[D]elay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants.").

As discussed *supra.*, beginning on February 1, 2021, the Court held three scheduling conferences and continued the case in approximately six-week intervals while discovery was underway. Court filings and counsels' statements during the scheduling conferences elucidate the complexity of this case. The discovery of forensic data extracted from cell phones alone comprises "tens of thousands of pages" of material in the parties' estimation. The 37-page affidavit in

support of the criminal complaint, which is not in evidence but provides some rough outline of the contours of the Government's case, alleges an interstate narcotics distribution conspiracy beginning in early 2018 and ending in December 2020. [Dkt. 1-1 (Aff. of TFO Jeffery Poulin)]. The affidavit also suggests that the Government's evidence may include, *inter alia*, police officer testimony concerning controlled buys/pickups, physical surveillance, testimony from confidential informants, cell phone location data, and the physical seizures of drugs and purported drug proceeds.

The defendants are facing serious charges. If convicted, the Controlled Substances Act provides that the offense is punishable by a mandatory minimum sentence of 10 years imprisonment and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii).

Based on its review of the case and statements by counsel at the three scheduling conferences, the Court finds that the interests of justice served by continuing jury selection outweigh the interests of the public and the Defendant in a speedy trial, because the failure to grant a continuance would deny counsel "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Clerk is directed to exclude the time from the first continuance entered on February 1, 2021 through the filing of Mr. Roman's substantive motions on May 5, 2021 from the Defendants' speedy trial clock.

Setting aside the complexity of the case and the seriousness of the charges, pandemic conditions also necessitated the continuances. The Court finds that the interests of justice are additionally served by ordering the continuances because of the public health risks associated with summoning large groups of prospective jurors who would be required to sit in close proximity to each other during jury selection, and if selected, during trial and deliberations; the reduced ability to obtain an adequate spectrum of prospective jurors due to the public's perceptions of the risks associated with jury service, and the effect of public health recommendations on the availability of counsel and Court staff to be present in the courtroom. In other words, even if the case were ready for trial within 30 days of Mr. Walker's not guilty plea, the ends of justice as it relates to the pandemic would have favored a continuance. The Court finds ends of justice served by ordering the continuances from January 12, 2021 through May 3, 2021 based on pandemic conditions constitutes a separate basis for the exclusion of this time pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

This is not a retroactive "ends of justice finding," but rather a further articulation of the Court's case-specific reasoning for granting the two continuances during the scheduling conferences, considering the public and the defendants' interest in a speedy trial. *Zedner v. United States*, 547 U.S. 489, 506–07 (2006)("Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be 'granted ... on the basis of [the court's] findings'), the Act is ambiguous on precisely

when those findings must be 'se[t] forth, in the record of the case.' ") (quoting 18 U.S.C. § 3161(h)(7)(A)).

Finally, as counsel noted during the last scheduling conference, Mr. Roman's pre-trial motions automatically toll the Defendants' speedy trial clock "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The Court provided Mr. Roman's co-defendants with one month to review his motions and determine whether they intended to join the motion or whether they intended to file any discovery or substantive motions independently. This deadline was briefly extended on Mr. Walker's motion for good cause shown. The Government then has 21 days to respond. Upon reviewing the parties' briefing, the Court will determine whether any issues require an evidentiary hearing.

## Conclusion and Scheduling Order

As discussed above, there remains 70 days of non-excluded time on the Defendants' speedy trial clock. The Defendants' speedy trial clock shall reflect that the time between January 12, 2021 and February 1, 2021 is automatically excluded pursuant to 18 U.S.C. § 3161(h)(1)(D). The Clerk shall also exclude the time from February 1, 2021 through May 5, 2021 pursuant to the Court's "ends of justice findings" as further articulated in this Order. 18 U.S.C. § 3161(h)(7)(B)(iv).

Any Defendant that wishes to (1) join Mr. Roman's discovery and substantive motions or (2) independently file a discovery or substantive motion, must file their memoranda of law and any accompanying exhibits by June 25, 2021. *See* [Dkt. 65].

9

The Government's response is due July 16, 2021. Any reply memoranda are due within 14 days of the Government's response but are not required.

To the extent the Defendants' motions raise any factual issues necessitating an evidentiary hearing, the Court will set a hearing date as soon as practicable after reviewing the parties' briefing.

                                        IT IS SO ORDERED

                                        _____/s/_____

                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: June 23, 2021